IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JOSE TEJEDA-FELIZ,**

      **Petitioner,**

v.                                       **Case No. 1:16-cv-01096**

**B. J. JOHNSON, Warden**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On January 29, 2016, Petitioner Jose Tejeda-Feliz ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Given that the sole due process violation alleged by Petitioner has now been remedied, his petition is moot; therefore, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

**I.**     **Relevant History**

Petitioner initiated the instant habeas proceeding during a period of incarceration at the Federal Correctional Institution ("FCI") in McDowell County, West Virginia. Petitioner complains about a disciplinary proceeding that took place when he was a

federal prisoner housed at FCI-Moshannon Valley in Philipsburg, Pennsylvania in July 2014. (ECF No. 1 at 7, 10). According to Petitioner, he was the subject of a disciplinary hearing conducted by a Discipline Hearings Officer ("DHO"), who was not an employee of the Federal Bureau of Prisons ("BOP") or the "Prison Industries." (*Id.* at 7). The DHO found Petitioner guilty of possessing an instrument used as a weapon and assault in violation of BOP rules and punished him by disallowing a total of 68 days of good conduct credits. (*Id.* at 14). Petitioner argues that because the DHO was not a BOP staff member, the DHO was not authorized by law to impose this sanction. Petitioner maintains that the imposition of any sanction by a non-authorized official is a violation of Petitioner's due process rights. Accordingly, Petitioner seeks reinstatement of 68 days of good conduct credits. (*Id.* at 6-8).

On March 2, 2016, after Petitioner paid the requisite filing fee, the undersigned ordered the Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 7). Respondent filed a response and motion to dismiss the petition on May 6, 2016, arguing that the petition was moot, because the disciplinary charge against Petitioner giving rise to the sanction had been reheard on April 20, 2016 by a DHO at FCI-McDowell, and this DHO was employed by the BOP. (ECF No. 12 at 3). Respondent supplied an affidavit and other documentation verifying that Petitioner had not exhausted his administrative remedies regarding the disciplinary charge, and a second affidavit signed by the BOP's DHO confirming that the charge had been reheard nonetheless. (*Id.* at 5-12).

In light of Respondent's representations, the undersigned entered an Order that same day, providing Petitioner with forty-five days in which to reply in opposition to Respondent's motion to dismiss. (ECF No. 13). Petitioner has not filed a reply, and the

2

allowable time has long since elapsed. According to the court's docket, Petitioner received the Order. He is still housed at FCI-McDowell. *See* www.bop.gov/inmateloc/

## II. Discussion

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "A habeas petition becomes moot when a petitioner's claim for relief can no longer be redressed by a favorable decision of the court." *Rodriquez-Puente v. Feather,* No. 3:14-cv-01939, 2015 WL 3514173, at *2 (D. Or. June 4, 2015) (*citing Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed. 2d 58 (1983)); *also Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")

Here, Petitioner challenges the constitutionality of the disciplinary proceeding conducted at FCI-Moshannon Valley on the ground that the DHO was not an employee of the BOP. Petitioner has now received a rehearing of the disciplinary charge by a DHO, who is employed by the BOP. Consequently, the alleged constitutional defect has been corrected. As such, the undersigned **FINDS** that the full measure of relief available to Petitioner has been provided, and his claim is, therefore, moot. *See Rodriquez-Puente,* 2015 WL 3514173, at *2 (holding that "there is no relief that can be provided by a favorable

decision" when a rehearing is conducted by a BOP DHO) (collecting cases). The undersigned further **FINDS** that as Petitioner raises no other challenge to the disciplinary proceeding, his petition should be dismissed.[1]

### III.    Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and
2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v.*

---

[1] Petitioner does not challenge the sufficiency of the evidence against him. Indeed, the Incident Report indicates that Petitioner admitted to hitting another inmate with a broom after the inmate called Petitioner a "Dominican snitch." (ECF No. 1 at 12). Accordingly, the decision of the DHO was supported by "some evidence," consistent with due process principles. *Rodriquez-Puente,* 2015 WL 3514173, at *3.

4

*Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** August 17, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge